| | |
|---|---|
| PENNSYLVANIA NATIONAL SECURITY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>LUIS J. ORTEZ, KITCHEN AND LIGHTING DESIGNS UNLIMITED, INC., and THERESA BEDDARD ESTES AS ADMINISTRATRIX OF THE ESTATE OF DARREN DRAKE ESTES,<br><br>    Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT** |

NOW COMES the Plaintiff, PENNSYLVANIA NATIONAL SECURITY INSURANCE COMPANY (hereinafter "Penn National"), by and through undersigned counsel, and complaining of the Defendants, and seeking a declaratory judgment, hereby alleges and states as follows:

## INTRODUCTION

1. This is a Complaint for declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure, in which Penn National seeks a determination of its rights and responsibilities under a specific policy of insurance issued to Defendant Kitchen and Lighting Designs, Inc.

2. Penn National is a Pennsylvania corporation engaged in the insurance business with its principal place of business in Pennsylvania. At all times relevant to this Complaint,

Penn National was and is authorized by the North Carolina Department of Insurance to conduct business throughout the State of North Carolina.

3. Upon information and belief, decedent Darren Drake Estes was a citizen and resident of Onslow County, North Carolina.

4. Upon information and belief, Theresa Beddard Estes has been appointed Administratrix of the Estate of Darren Drake Estes by the Clerk of Court of Onslow County, North Carolina.

5. Upon information and belief, Defendant Kitchen and Lighting Designs Unlimited, Inc. is a corporation authorized and existing under the laws of the State of North Carolina, with its registered office located at 1207 Gum Branch Road, Jacksonville, North Carolina.

6. Upon information and belief, Defendant Luis J. Ortez is a citizen and resident of the State of North Carolina, with his principal residence located at 130 Elmwood Road, Jacksonville, North Carolina.

7. Upon information and belief, both decedent Estes and Defendant Ortez were employees of Defendant Kitchen and Lighting Designs Unlimited.

8. Defendant Estate of Darren Drake Estes is seeking in excess of $75,000.00 in insurance benefits from Plaintiff.

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

11. Penn National issued a policy of insurance to Defendant Kitchen and Lighting Designs Unlimited under policy number AX9 0615893 (the "Policy"). A true and accurate copy of the Policy (including any applicable endorsements) is expressly incorporated herein and attached hereto as **Exhibit "A"**.

12. There exists a real, substantial and justiciable issue in controversy between the parties hereto with respect to the existence of insurance coverage for the policy of insurance issued by Penn National.

13. A judicial determination and declaration of the rights and obligations of the parties is necessary and appropriate at this time because Penn National has no other adequate remedy at law with which to resolve the current controversy.

## FACTUAL BACKGROUND

14. This action arises from a motor vehicle accident which occurred in Craven County, North Carolina, on August 8, 2017, in which decedent Estes suffered serious injuries, which resulted in his death.

15. On that date and location, Defendant Ortez was operating a 2008 Isuzu box truck that was owned by Defendant Kitchen and Lighting Designs Unlimited and traveling southbound on US 17 in Craven County.

16. At the same time and place, Decedent Darren Drake Estes was a front seat passenger in the 2008 Isuzu box truck.

17. At the same time and place, both Defendant Ortez and decedent Darren Drake Estes were in the course and scope of their employment with Defendant Kitchen and Lighting Designs Unlimited.

18. At the same time and place, Zemo A. Fissaha was operating a 2012 Freightliner tractor-trailer that was owned by Passport Transportation, Inc., and was traveling southbound on US 17 in Craven County.

19. In the underlying lawsuit pending in Craven County Superior Court styled, *"Theresa Beddard Estes as Administratrix of The Estate of Darren Drake Estes v. Passport Transportation, Inc., Zemo A. Fissaha, and Luis J. Ortez*, 18 CVS 295 (hereinafter the "underlying lawsuit", the Estate of Darren Drake Estes has alleged that, at the same time and place referenced in the preceding paragraphs, Defendant Ortez lost control of the Isuzu box truck, swerved into the right lane of traffic and then struck the back of the Freightliner being operated by Zemo A. Fissaha. A copy of the Craven County Complaint is attached as "**Exhibit B**".

20. In the underlying lawsuit, the Estate has further alleged that Defendant Ortez operated his vehicle carelessly and heedlessly in willful or wanton disregard of the rights and safety of others, and that this conduct was a joint and several cause of decedent Darren D. Estes's severe injuries and death. Upon information and belief, the Estate reached a resolution in the underlying lawsuit as to Passport Transportation and/or its employees and agents.

21. The applicable Penn National Policy includes Business Auto Liability Coverage with coverage limits of $1,000,000 per accident, as well as potential Uninsured Motorist Coverage with coverage limits of $1,000,000.

22. The Estate of Darren D. Estes now seeks to recover under the Policy's Business Auto Liability Coverage as a result of the alleged negligence of Defendant Ortez while driving the box truck owned by Defendant Kitchen and Lighting Designs.

23. In a January 18, 2019, letter written by counsel for the Estate of Darren D. Estes to counsel for Penn National, counsel for the Estate expressed an alternative intent to seek coverage the Policy's Uninsured Motorist Coverage should it be determined that there is no coverage under the Policy's Auto Liability section.

### COUNT ONE – DECLARATORY JUDGMENT
### (*AUTO LIABILITY COVERAGE*)

24. Penn National incorporates as if fully set forth herein the allegations contained within the above paragraphs.

25. There exists an actual, substantial and justiciable issue in controversy between the Parties hereto with respect to Penn National's alleged obligation to provide Business Auto Liability coverage to Defendant Ortez and/or Defendant Kitchen and Lighting Designs under the applicable Penn National Policy.

26. A judicial determination and a declaration of the rights and obligations of the Parties is necessary and appropriate at this time because Penn National has no adequate remedy at law which will resolve the current controversy.

27. The "Liability Coverage" section of the Penn National Policy contains a coverage exclusion that specifically and unambiguously states, in pertinent part, that:

*"B. Exclusions*

*This insurance does not apply to any of the following:*

> *4. Employee Indemnification and Employer's Liability*
>
> *"Bodily injury" to:*
>
> *a. An "employee" of the "insured" arising out of and in the course of:*
>
> > *(1) Employment by the "insured": or*

> *(2) Performing the duties related to the conduct of the "insured's" business;*

28. The "Liability Coverage" section of the Penn National Policy also contains a separate coverage exclusion that specifically and unambiguously states that:

*"B. Exclusions*

*This insurance does not apply to any of the following:*

> *5.   Fellow Employee*
>
> *"Bodily injury" to:*
>
> *a.   Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business; or*
>
> *b.   The spouse, child, parent, brother or sister of that fellow "employee" as a consequence of Paragraph a. above.*

29. At the time of the subject accident decedent Darren D. Estes was an employee of Kitchen and Lighting Designs.

30. At the time of the subject accident, Defendant Ortez was an employee of Kitchen and Lighting Designs.

31. At the time of the subject accident, Defendant Ortez was operating a vehicle owned by Kitchen and Lighting Designs.

32. At the time the subject accident occurred, both decedent Darren D. Estes and Defendant Ortez were employees of Kitchen and Lighting Designs, as defined under the policy.

33. The injuries and resulting death of Darren D. Estes allegedly arose out and in the course of his own employment with Kitchen and Lighting Designs.

34. The injuries and resulting death of Darren D. Estes arose while he was performing duties related to the conduct of the business of Kitchen and Lighting Designs.

35. The injuries and resulting death of Darren D. Estes also allegedly arose out of fellow employee Defendant Ortez's operation of a Kitchen and Lighting Designs vehicle.

36. The injuries and resulting death of Darren D. Estes also allegedly arose while Defendant Ortez was in the course of his employment with Kitchen and Lighting Designs.

37. The injuries and resulting death of Darren D. Estes also allegedly arose while Defendant Ortez was performing duties related to Kitchen and Lighting Designs' business.

38. The "Employee Indemnification and Employer's Liability" exclusion cited in Paragraph 27 above is a valid and recognized policy provision in North Carolina.

39. Under the plain language of the "Employee Indemnification and Employer's Liability" exclusion, the Policy does not provide Auto Liability coverage to Defendants Ortez or Kitchen and Lighting Designs because the decedent's bodily injuries arose out of his employment with Kitchen and Lighting Designs, or while performing duties related to the conduct of Kitchen and Lighting Designs' business.

40. The "Fellow Employee" exclusion cited in Paragraph 28 above is also a valid and recognized policy provision in North Carolina.

41. Under the plan language of the "Fellow Employee" exclusion, the Policy does not provide Auto Liability coverage to Defendants Ortez or Kitchen and Lighting Designs because the decedent's bodily injuries arose out of and in the course of fellow employee Ortez's employment with the insured, Kitchen and Lighting Designs.

42. Penn National is therefore entitled to a declaration from the Court that there is no coverage under the Penn National Policy for decedent Darren D. Estes's bodily injuries and resulting death which underlies this matter.

## COUNT TWO – DECLARATORY JUDGMENT
### *(UNDERINSURED MOTORIST COVERAGE)*

43. Penn National incorporates as if fully set forth herein the allegations contained within the above paragraphs.

44. There exists an actual, substantial and justiciable issue in controversy between the Parties hereto with respect to Penn National's alleged obligation to provide Uninsured Motorist coverage to Defendant Theresa Beddard Estes, as Administratrix of the Estate of Darren Drake Estes, under the applicable Penn National Policy.

45. A judicial determination and a declaration of the rights and obligations of the Parties is necessary and appropriate at this time because Penn National has no adequate remedy at law which will resolve the current controversy.

46. The Estate of Darren Drake Estes has made their position known to Penn National that if there is no Auto Liability coverage under the Policy due to the "Employee Indemnification and Employer's Liability" exclusion or the "Fellow Employee" exclusion, then the Estate of Darren Drake Estes would be entitled to Uninsured Motorist coverage under the Policy.

47. The application of the "Fellow Employee" exclusion does not make the subject box truck an "uninsured motor vehicle" within the meaning of the Policy.

48. The Policy's Uninsured Motorist coverage does not apply in the subject case because a determination that the Estate of Darren D. Estes should fall within underinsured motorist coverage would have the unjust effect of nullifying the "Employee Indemnification and Employer's Liability" exclusion and the "Fellow Employee" exclusion from liability coverage. *See Thompson v. Schlecter*, 43 S.W.3d 847, 850 (Mo.App.E.D. 2000); *Hartford Accident & Indemnity Co. v. Fonck*, 344 So. 2d 595, 597 (Fla. App. 1997), *cert. denied*, 359 So. 2d 1214 (1978); *Kay v. Kay*, 30 Utah 2d 94, 513 P.2d 1372 (1973).

49. Penn National is therefore entitled to a declaration from the Court that there is no coverage under the applicable Penn National Policy for the August 8, 2017, motor vehicle accident which underlies this matter.

WHEREFORE, Pennsylvania National Security Insurance Company respectfully prays that the Court order as follows:

A. For Declaratory Judgment finding that there is no coverage under the Penn National Policy for the injuries or damages sought in the underlying tort action;

B. For Declaratory Judgment finding that there is no coverage under the Penn National Policy for any injuries or damages sought in an Uninsured Motorist claim;

C. That the Court enter by way of Declaratory Judgment an Order determining that Penn National has no coverage applicable to Defendant Estate of Darren Drake Estes arising out of injuries allegedly suffered in the August 8, 2017, motor vehicle accident;

D. That all issues of fact be tried by a jury;

E. That Penn National recover its costs and attorney's fees with respect to the prosecution of this matter; and

E. That Penn National has any other and further relief that the Court may deem just and proper.

This the 20th day of March, 2019.

/s/ Jeffrey D. Keister_____
JEFFREY D. KEISTER
Bar No: 28612
Attorney for Penn National
McAngus Goudelock & Courie, PLLC
Post Office Box 30516
Raleigh, North Carolina 27622
(919) 719-8200
jkeister@mgclaw.com